```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

LUWEGI WALKER,

   Plaintiff,

vs.              No. 07-2472-B/P

MEMPHIS POLICE DEPARTMENT,

   Defendant.

ORDER CORRECTING THE DOCKET
AND
ORDER TO COMPLY WITH PLRA
OR PAY FULL $350 CIVIL FILING FEE

On July 12, 2007, Plaintiff Luwegi Walker, booking number 06138157, who represented that he was an inmate at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983. The mailing envelope indicates that Plaintiff was actually incarcerated at the Shelby County Correctional Center ("SCCC") when he commenced this action, but he did not provide a prisoner number. Thus, Plaintiff's address of record is the SCCC, but his Jail booking number is used in place of the RNI number from the SCCC, making Plaintiff's mail undeliverable. The Clerk is directed to correct the docket to reflect Plaintiff's RNI number, which is 291120, and to mail a copy of this order to him at the SCCC using his most recent address and RNI number.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

To take advantage of the installment procedures, a prisoner must properly complete and submit to the district court, along with the complaint, either Form 4 of the Appendix of Forms found in the Federal Rules of Appellate Procedure, or an affidavit that contains the same detailed information found in Form 4. McGore, 114 F.3d at 605. The prisoner must also submit a certified prison trust fund account statement, showing all activity in his account for the six months preceding the filing of the complaint, and specifically showing:

1)   the average monthly deposits, and
2)   the average monthly balance

for the six months prior to submission of the complaint, and

3)   the account balance when the complaint was submitted.

In this case, Plaintiff filed the required documents, but the trust fund officer's certification, and the trust fund account statement, are dated more than three months prior to the

commencement of this action. Therefore, at the present time, Plaintiff is not eligible to take advantage of the installment payment procedures of § 1915(b). Plaintiff is, however, liable for the full $350 filing fee, which accrued at the moment the complaint was filed. Accordingly, Plaintiff is hereby ORDERED to submit an <u>in forma pauperis</u> affidavit and a certified copy of his trust fund account statement or the full $350 civil filing fee to the following address within thirty (30) days after the entry of this order:

> Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

If Plaintiff needs additional time to file the required documents, he may request one thirty-day extension of time from this Court. <u>McGore</u>, 114 F.3d at 605. If Plaintiff fails to file the required documentation, the Court will assess the entire filing fee, without regard to the installment payment procedures, and will dismiss the action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. <u>McGore</u>, 114 F.3d at 605. If dismissed under these circumstances, the case will not be reinstated despite the subsequent payment of the full filing fee and regardless of any request for pauper status.

If Plaintiff timely submits the proper documentation, and the Court finds that Plaintiff is indeed indigent, he may take advantage of the installment procedures of § 1915(b). In such case, Plaintiff will be able to make an initial partial payment equal to 20% of the greater of the average monthly deposits to his trust

account for the past six months or the average monthly balance in his account for the past six months. After collection of the initial partial filing fee, the remaining balance will be collected in monthly installments equal to 20% of the income credited to the Plaintiff's account during the preceding months. These monthly payments, however, will be withdrawn only when Plaintiff's account balance exceeds $10.

IT IS SO ORDERED this 31st day of October, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE